UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY and NATIONAL FIRE & MARINE INSURANCE COMPANY, § § § § § | |
| Plaintiffs, § | CIVIL ACTION NO. H-06-1113 |
| v. § § | |
| RONALD DRUMMER, d/b/a TRES AMIGOS TOURS, AUTOBUSES LUCANO, INC., AND OFELIA MARTINEZ, § § § § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court in this insurance coverage dispute is Plaintiff Lexington Insurance Company's motion to dismiss Ofelia Martinez without prejudice under Federal Rule of Civil Procedure 41(a)(2) (Docket No. 42). Martinez is the plaintiff in the underlying lawsuit over liability for injuries she sustained during a bus accident. Lexington Insurance named Martinez as a defendant in this case because at the time of filing, Martinez had obtained a multi-million dollar jury verdict against Drummer and Autobuses Lucano in the underlying suit, and would be permitted as a creditor to proceed against Lexington to collect the judgment. Pl.'s Compl. 10. The judgment was vacated in September 2006, however, and a new trial has not yet commenced. Lexington Insurance argues that Martinez is no longer technically a creditor, and she is therefore not a proper party to this case.

In response, Martinez maintains that she has a justiciable interest in this declaratory judgment action and should remain a defendant. Martinez cites to a single

1

Supreme Court case with a very similar factual premise: a declaratory judgment action initiated by an insurer against an insured and an injured third party, before the underlying case has proceeded to judgment. *See Maryland Cas. Co. v. Pac. Coal & Oil Co., et al.*, 312 U.S. 270 (1941). In *Maryland Casualty*, however, the injured third party sought to be dismissed from the case, and the insurer plaintiff argued that he should remain.

While the Court is not certain that *Maryland Casualty* directly controls here, given the slightly different factual posture, that case is instructive. The *Maryland* Court found that an actual controversy existed between the insurer and the injured third party, primarily because under Ohio law, the third party would have a right to proceed against the insurer if he obtained a judgment against the insured which went unsatisfied within thirty days. *Id.* at 273. Further, the Supreme Court noted that if the injured third party were to be dismissed from the federal case and later proceeded against the insurer in state court, opposite interpretations of the relevant insurance policy might emerge. *Id.* at 274.

As already noted, if Martinez obtains another judgment against Drummer or Autobuses Lucano, under Texas law she will become a judgment creditor against any potential insurer.[1] *E.g., Dairyland County Mut. Ins. Co. v. Childress*, 650 S.W.2d 770 (Tex. 1983). The Court also observes that Martinez has answered the Complaint in this case; has filed initial disclosures and otherwise participated in discovery; has filed a

---

[1] In fact, Martinez may well have standing as a creditor under the present circumstances, even without a judgment. One of the most familiar and time-tested routes through which to approach the issue is via the Bankruptcy Code. It defines a creditor as an entity that has a claim against either the debtor or the debtor's estate. 11 U.S.C. § 101(10)(A)-(B). "Claim" is defined, in turn, as, *inter alia*, a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . ." 11 U.S.C. § 101(5). Using this definition, Martinez plainly falls well within the contours of "creditor." She is a creditor with an unliquidated claim against two other parties to this case, Ronald Drummer and Autobuses Lucano. Martinez, therefore, has a right to be heard in a proceeding, such as this, that might impinge on her claim. Using the Bankruptcy Code definition, it is absolutely beside the mark whether Martinez's claim is liquidated.

motion for summary judgment; and has responded to Plaintiffs' motion for summary judgment.  This litigation involves straightforward coverage questions, which should not be substantively affected by Martinez's presence in the case.  Finally, at the last hearing held in this matter, the parties seemed to agree that the new trial in the underlying case would proceed relatively soon.

In the Court's view, the interest of judicial efficiency is better served by retaining Martinez as a defendant.  If circumstances change in the future, Plaintiffs may re-urge the motion.  Plaintiff Lexington Insurance Company's motion to dismiss Ofelia Martinez is hereby **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 9th day of May, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**